**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 1:05CV1080 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| vs. | ) | |
| | ) | |
| SCOTT W. GILES, *et al.*, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER GRANTING PLAINTIFF'S** |
| Defendants. | ) | **MOTION FOR SUMMARY JUDGMENT** |

The United States of America, on behalf of its agency, the United States Department of Agriculture, Farm Service Agency ("FSA"), filed a Motion For Summary Judgment on September 21, 2005. (Doc. No. 18.) The United States seeks the following relief: (1) FSA's mortgage is a "valid and subsisting and first and best lien" upon the property subject of this action "after the lien of the Huron County Treasurer;" (2) FSA's mortgage be foreclosed and that the debtors' equity of redemption be "forever cutoff, barred and foreclosed;" (3) all liens be marshaled and the property be sold in accordance with the law; and (4) proceeds from the sale of the property be paid to the FSA "in accordance with its existing mortgage together with the costs herein expended." (Pl.'s Memo. at 5-6.) None of the named Defendants have filed a

memorandum in opposition to the United States' motion.[1]  For the reasons set forth below, the United States' motion for summary judgment is GRANTED, but the Court will not enter judgment as to all of the relief sought at this time.

## I. FACTS

Defendant Scott Giles ("Mr. Giles") admits that he and co-Defendant Ronda Giles ("Ms. Giles") are in default on promissory notes attached to the Complaint as Exhibits A, B, and C. (Giles' Answer at ¶5.)  Mr. Giles further admits that the mortgage and security agreements have become absolute and the United States is entitled to foreclose on the property subject to the mortgage. *Id*.  Defendant Mr. and Ms. Giles filed for bankruptcy on May 15, 2001. (Giles' Answer at ¶7.)  Lastly, Mr. Giles admits that Plaintiff served him with the Notices of Acceleration of Indebtedness and Demand for Payment that are attached to the Complaint as Exhibits E and F. *Id*.

The promissory notes show that Mr. and Ms. Giles borrowed the following amounts on the following dates: (1) $46,000 to be repaid with 5.25 % annual interest borrowed on May 4, 1999; (2) $52,000 to be repaid with 5 % annual interest borrowed on January 3, 2000; and (3) $90,000 to be repaid with 5 % annual interest borrowed on January 27, 2000. (Compl. at Ex. A, B, and C.)  On January 27, 2000, Mr. and Ms. Giles signed a "Real Estate Mortgage For Ohio." (Compl. at Ex. D.)  The amounts of the three promissory notes were itemized in the mortgage. *Id*. Plaintiff also submitted a sworn and notarized declaration of David Drake, Farm Loan Chief of the FSA. (Pl.'s Mot. for Summ. J. at Ex. 1.)  Mr. Drake testified that the copies of the notes and mortgage attached to the Plaintiff's pleadings are "true and accurate copies of the original

---

[1] Defendant debtor Ronda R. Giles was served by certified mail on May 5, 2005 (Doc. No. 4), but has not entered an appearance.  Defendant debtor Scott W. Giles and Defendant Treasurer of Huron County, Ohio filed separate Answers to the Complaint.

2

instruments." *Id*.  Mr. Drake further stated that the FSA has accelerated and called due the entire principal balance due for the reason that Mr. and Ms. Giles have defaulted on the notes and mortgage. *Id*.  The contractual language of the mortgage agreement states in relevant part:

> (10) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, ... or should any one of the parties named as Borrower be discharged in bankruptcy or declared insolvent, ... the Government, at its option, with or without notice may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, ... (d) foreclose this instrument as provided herein or by law ...

Defendant Huron County has asserted that it has the first and best lien upon the property in question in the form of real estate taxes and manufactured home taxes totaling $511.90 and $38.06 respectively. (Huron County's Answer at ¶¶2-4.)  Plaintiff United States implicitly admits Huron County's priority, as Plaintiff is seeking to have its lien declared first and best "after the lien of the Huron County Treasurer." (Pl.'s Memo. at 5.)  The Court has not been briefed as to the status of any other liens attached to the property or whether any other liens even exist.  In addition, a title report has not been filed with the Court.

## II.  ANALYSIS

**A.  Summary Judgment Standard**

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  The moving party can meet its burden in two ways: by presenting sufficient evidence to indicate there is no genuine issue of material fact; or by arguing the non-moving party, after adequate time for discovery, has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party may rely on depositions,

answers to interrogatories, and the like, to demonstrate that the non-moving party has no evidence to prove his case and hence that there can be no factual dispute. *See id.* at 328 (White, J., concurring).

Once the moving party has met its burden, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but must set forth through competent and material evidence specific facts showing that there is a genuine issue for trial. *See Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). The trial court has no "duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir. 1989). That is, the nonmoving party has an affirmative duty to direct the Court's attention to specific evidence upon which it seeks to rely. *See Al-Qudhai'een v. Am. W. Airlines, Inc.*, 267 F. Supp.2d 841, 845 (S.D. Ohio 2003) *citing In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001). The lack of such a response by the nonmoving party may result in an automatic grant of summary judgment. *See, e.g., Reeves v. Fox Television Network*, 983 F.Supp. 703, 709 (N.D. Ohio 1997).

**B.     Foreclosure and Priority**

The evidence of record demonstrates that: (1) the Giles defendants entered into a series of promissory notes with the United States; (2) the promissory notes were secured by the real estate subject of this action; (3) the Giles defendants filed for bankruptcy and defaulted upon the promissory notes; and (4) the United States is entitled to foreclose upon the real estate. The United States has met its initial burden of demonstrating that no genuine issues of material fact remain. Therefore, the burden has shifted to Defendants to set forth facts demonstrating the existence of a genuine issue of material fact. However, Defendants have not filed a response and may not rest on the allegations in their pleadings.

4

Given the lack of any genuine disputes over the material facts, the Court must grant Plaintiff United States' motion for summary judgment.  Plaintiff's second and third prayers for relief are granted. (*See* Pl.'s Memo. at 5.)  FSA's mortgage shall be foreclosed, thereby cutting off the debtors' equity of redemption.  The property subject to foreclosure shall be sold in accordance with the law.  However, the Court presently does not have sufficient facts before it to determine the priority of any liens encumbering the property.  Therefore, Plaintiff's first and fourth prayers for relief are denied at this time, but the Court shall retain jurisdiction to decide these issues once it has sufficient information to rule on the issue of priority and the distribution of proceeds from the foreclosure sale. (*See* Pl.'s Memo. at 5-6.)

### III.  CONCLUSION

For the foregoing reasons, the United States' motion for summary judgment is GRANTED.

IT IS SO ORDERED.


/s/Nancy A. Vecchiarelli
U.S. Magistrate Judge

DATE: November 15, 2005